IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10600
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY HAYNES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CR-63-4-C
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Tommy Haynes appeals his conviction and sentence after pleading guilty to a single count of possession with intent to distribute 50 grams or more of amphetamine. *See* 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1) & (b)(1)(C). He argues that the district court erred during the guilty-plea hearing because it (1) failed to inform him of the effect of supervised release; (2) failed to inform him that it could depart from the sentencing guidelines; and (3) failed to inquire whether anyone besides the Government coerced him into pleading guilty. *See* Fed. R. Crim. P. 11.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As part of a written agreement, Haynes waived his right to appeal the conviction, judgment, or sentence. He reserved the right to appeal (1) any punishment imposed in excess of the statutory maximum; (2) any punishment to the extent it constitutes an upward departure from the guideline range deemed most applicable by the sentencing court, and an improper computation of the applicable guideline level; and (3) any claim based on a Sixth Amendment right to counsel.

Haynes has waived his right to challenge any Rule 11 omissions on appeal. *See United States v. Packer*, 70 F.3d 357, 359 (5th Cir. 1995)(applying waiver when defendant argued that the court failed to advise him of an essential element of the offense). He does not challenge the validity of the waiver provision in his plea agreement. *See United States v. Robinson*, 187 F.3d 516, 517-18 (5th Cir. 1999). Accordingly, Haynes' appeal is DISMISSED.